UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND LESTER SMITH,<br><br>    Plaintiff<br><br>v.<br><br>AMIR KENNEDY and CHAPAR LLC,<br><br>    Defendants | Case No.: 2:21-cv-01526-APG-BNW<br><br>**Order Granting Motion to Change Venue**<br><br>[ECF No. 14] |

      Plaintiff Raymond Smith sues defendants Amir Kennedy and Chapar LLC for injuries Smith sustained in a car accident that occurred in Oklahoma City, Oklahoma. ECF No. 1 at 8. Smith originally filed the case in Nevada state court, and the defendants removed the action to this court.  The defendants move for a change of venue under 28 U.S.C. § 1404 to the Western District of Oklahoma as the most convenient forum because that is where the accident occurred and was investigated, and Smith lives and was medically treated there.  Smith opposes, arguing the relevant factors are either neutral or favor his selection of Nevada as the appropriate venue.  I grant the motion to transfer to the Western District of Oklahoma because the action could have been originally brought there and the relevant factors favor a transfer.

      Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ."  The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a).  The parties agree that Smith could have brought this action against the defendants originally in the Western District of Oklahoma. *See* ECF Nos. 14 at 4; 15 at 3.

Thus, the question is whether the parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). In determining whether transfer is convenient and in the interests of justice, some factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). There is no "exhaustive list of specific factors to consider," and courts "should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (simplified). The party seeking the transfer bears the burden of showing transfer is appropriate. *Id.* at 913. Whether to transfer lies within my discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

Nearly all the relevant factors favor transfer to Oklahoma. The accident occurred there, and Oklahoma law governs the dispute. *See Gen. Motors Corp. v. Eighth Jud. Dist. Ct.*, 134 P.3d 111, 117 (Nev. 2006) (en banc) (stating that under Nevada choice-of-law rules for torts, generally "the law of the state where the injury took place" applies). Even if there are few differences between Oklahoma and Nevada negligence law, an Oklahoma court would be more familiar with Oklahoma law. All the parties have contacts with Oklahoma, while only the defendants have contacts with Nevada. Smith lives in Oklahoma and was treated there for his injuries. ECF Nos. 1 at 6; 14 at 17-20. The defendants are Nevada citizens, but they were present in Oklahoma in relation to this accident. Although Smith chose Nevada as the forum for

this suit, he does not live here and appears to have no contacts with Nevada except for his desire to sue the defendants here. While I give deference to the plaintiff's choice of forum, a "plaintiff is entitled to less deference in his choice of forum if he does not reside in that forum." *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 950 (9th Cir. 2017).

The differences in the costs of litigation in the two forums, the availability of compulsory process to compel non-party witnesses' attendance, and the ease of access to sources of proof all favor Oklahoma. The accident was investigated by the Oklahoma City Police Department and Smith was treated for his injuries by Oklahoma medical providers. ECF No. 14 at 10-20. Thus, witnesses and documentary evidence are primarily located in Oklahoma. Any unwilling non-party witnesses, such as the investigating officer or a treating physician, would be subject to compulsory process there. Because the factors substantially favor transfer, I grant the defendants' motion.

I THEREFORE ORDER that the defendants' motion for change of venue **(ECF No. 14) is GRANTED**. The clerk of court is instructed to transfer this case to the United States District Court for the Western District of Oklahoma and to close this case.

DATED this 21st day of April, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE